IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JAMES OWEN COLE, | |
| Petitioner, | CIVIL ACTION NO.: 2:22-cv-111 |
| v. | |
| WARDEN J. FIKES, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner James Cole ("Cole"), who is currently housed at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss.  Doc. 5.  Cole filed a Response, Respondent filed a Reply, and Cole filed a Surreply.  Docs. 7, 9, 10.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Cole's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cole *in forma pauperis* status on appeal.

## DISCUSSION

Cole was convicted in the Middle District of Florida of receipt and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2).  He was sentenced to 120 months in prison.  Doc. 5-1 at 6.  Cole has a projected release date of June 15, 2028, via good conduct release.  Id.

In his Petition, Cole asks the Court to order the Bureau of Prisons ("BOP") to follow policy statements of the United States Sentencing Commission to match 18 U.S.C.

§ 3582(c)(1)(A). Doc. 1 at 2. Specifically, Cole asks for the BOP to consider a sentence reduction and to evaluate such a request under the "danger to the community" "lens of 18 U.S.C. § 3142(g)." Id. According to Cole, the BOP Director is to consider "extraordinary and compelling circumstances" when evaluating a sentence reduction request under § 3582, but the BOP's Program Statement 5050.50 does not allow for this consideration. Id. at 2–3. Cole additionally states this Court should find the BOP's denial of his request for a sentence reduction was arbitrary and capricious. Id. at 3.

Respondent notes courts lack authority to make the BOP file a motion for compassionate release. Doc. 5 at 2. In addition, Respondent observes only Cole's sentencing court can grant any motion for compassionate release after he has fully exhausted his administrative remedies. Thus, Respondent urges the Court to dismiss Cole's Petition. Id.

**I.     Whether This Court Has Jurisdiction to Entertain Cole's Petition**

Respondent asserts the BOP has discretion under § 3582(c) to seek a reduction in sentence or for compassionate release on behalf of a defendant, but this statute does not give courts the authority to force the Director of the BOP to file any such motion. Id. at 3. Respondent also asserts the First Step Act of 2018 amended § 3582(c) only to allow a defendant to make his own motion once he exhausts his administrative remedies. Id. at 4. Further, Respondent contends a request for sentence reduction cannot be brought under § 2241; rather, such a request must be made in the sentencing court. Id. at 4–5.

Cole responds he is not requesting compassionate release or asking this Court to force the BOP to make a motion. Doc. 7 at 1. Instead, Cole states he seeks to highlight the BOP's use of "improper standards . . . ." Id.

Section 3582(c)(1)(A) of Title 18 of the United States Code provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—. . . .
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)–(ii).  In other words, a court can modify a sentence under § 3582(c)(1)(A) if the Director of the BOP moves for the modification.  <u>Cruz-Pagan v. Warden, FCC Coleman-Low</u>, 486 F. App'x 77, 79 (11th Cir. 2012).  The Director of the BOP has made no motion of any court seeking the modification of Cole's sentence.  After passage of the First Step Act of 2018, a defendant can also file a motion for reduction of sentence under § 3582(c) after he has exhausted his administrative remedies with the BOP.  <u>United States v. Bryant</u>, 996 F.3d 1243, 1250 (11th Cir. 2021).  Under the amended version of § 3582(c), a court may modify a term of imprisonment upon motion of a defendant, after exhaustion of his administrative

remedies, if the court finds "extraordinary and compelling reasons warrant" a modification. "Modification of a defendant's sentence under this statute is commonly referred to as 'compassionate release.'"  United States v. Jordan, Case No.: 3:16-cr-92, 2020 WL 1640097, at *1 (M.D. Fla. Apr. 2, 2020) (quoting Orlansky v. FCI Miami Warden, 754 F. App'x 862, 864–66 (11th Cir. 2018)).  This change to § 3582(c), however, does not permit a court to order the BOP to file a motion for sentence reduction.

In addition—and perhaps more importantly—only the sentencing court can reduce a defendant's sentence or grant compassionate release under § 3582(c).  Diaz-Medina v. Joseph, Case No. 3:21cv796, 2022 WL 676081, at *3 (N.D. Fla. Jan. 13, 2022) (noting a § 3582(c) request for compassionate release must be filed with the sentencing court).  Cole was convicted in the Middle District of Florida, and there is nothing indicating Cole has filed any request with that court, even though it appears Cole exhausted his administrative remedies on April 13, 2022. Doc. 5-1 at 2, 22; Doc. 9 at 3; United State v. Cole, 6:20-cr-4 (M.D. Fla.) (last docket entry dated June 30, 2021).

Thus, to the extent Cole asks this Court to compel the BOP to move for reduction in sentence or for compassionate release, § 2241 does not provide the proper remedy to Cole.  The Court should grant Respondent's Motion to Dismiss and dismiss Cole's Petition.[1]

**II.     Whether Cole Can Challenge the BOP's Program Statement 5050.50**

Respondent contends, even if Cole is not seeking compassionate release or asking the Court to review the BOP's denial of his request, he lacks standing to challenge Program Statement 5050.50.  Doc. 9 at 4–5.  Respondent notes Cole fails to allege an injury-in-fact fairly

---

[1] Despite Cole's statements regarding what he calls Respondent's mischaracterization of his claims, § 2241 does not provide him with the relief he requests.  The Court addresses Cole's policy concerns in § II of this Report.

4

traceable to any alleged conflict between this Program Statement and the Sentencing Guidelines. Id. at 5. Cole states this Program Statement does not follow the Sentencing Guidelines, particularly § 1B1.13.

Section 1B1.13 is the United States Sentencing Commission's statement "governing the circumstances when compassionate release is warranted." Id. And Program Statement 5050.50 is the BOP's procedure for implementation of sentences, including § 3582(c)(1)(A) and "extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." Program Statement 5050.50, p. 1, https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited June 15, 2023).

Cole does not show the BOP's interpretation of § 3582(c)(1)(A) or § 1B1.13—as promulgated as Program Statement 5050.50—is impermissible. See Jordan, 2020 WL 1640097, at *3 (noting the court defers to the BOP's interpretation of Program Statement 5050.50 because the interpretation is permissible). In addition, even if Cole were entitled to relief in the form of compassionate release or a reduction in his sentence, he must seek that relief from his sentencing court, as discussed in the preceding Section. 18 U.S.C. § 3582(c)(1)(A); see also United States v. Rogers, Case No. 5:12-cr-29, 2020 WL 4597063, at *2 (M.D. Fla. Aug. 11, 2020) (collecting cases discussing "extraordinary and compelling" circumstances warranting sentence reductions). Cole is not entitled to relief under § 2241 by challenging the BOP's Program Statement, and the Court should dismiss his Petition on this additional basis.

**III.   Leave to Appeal *in Forma Pauperis***

The Court should also deny Cole leave to appeal *in forma pauperis*. Though Cole has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of

dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Cole's Petition and Respondent's Motion to Dismiss and related filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Cole *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Cole's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cole leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 15th day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA